### ARMSTRONG v. BELDING BROS. & CO.

(Circuit Court of Appeals, Second Circuit. November 9, 1909.)

#### No. 158.

1. PATENTS (§ 168*)—CONSTRUCTION—ESTOPPEL BY PROCEEDINGS IN PATENT OFFICE.

In interference proceedings between two applicants for patents, one was successful on proof of priority of invention, whereupon his opponent purchased his application and substituted for the claims therein two claims from his own pending application, and the patent was granted thereon. He had previously, through counsel, expressed an opinion as to the meaning of such claims to differentiate them from a prior patent, which, however, was also antedated in invention by the applicant in whose application the claims were later embodied. Held, that such expression of opinion did not estop him from insisting on a broader construction after the patent was issued, which might have been claimed by the original inventor.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 243½, 244; Dec. Dig. § 168.*

Conclusiveness and effect of decisions of Patent Office in proceedings on applications, see note to Novelty Glass Mfg. Co. v. Brookfield, 95 C. C. A. 530.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—THREAD PACKAGE.

The Schroeder patent, No. 546,251, for a thread package especially designed for embroidery silk, discloses invention, and a novel and useful device, and is entitled to a liberal construction; also *held* infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

3. PATENTS (§ 328*)—INFRINGEMENT—SKEIN THREAD HOLDER.

The Schroeder patent, No. 546,123, for a skein thread holder, is for an improvement merely, and entitled to a narrow construction only. As so construed, *held* not infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the District of Connecticut.

Suit in equity by Benjamin L. Armstrong against Belding Bros. & Co. Decree for complainant (172 Fed. 234), and defendant appeals. Affirmed in part, and reversed in part.

This cause comes here upon appeal from a decree of the Circuit Court, District of Connecticut, finding infringement of two patents, No. 546,123, September 10, 1895 to William Schroeder, assignor to B. L. Armstrong, for a thread package, and No. 546,251, to William C. Schroeder, September 10, 1895, for skein thread holder, both made of paper. The second of these is the earlier patent, application having been filed June 22, 1894, while the application for the other was not filed until June 11, 1895. No. 546,251 is therefore referred to as the first Schroeder patent. The opinion of the Circuit Court is found in 172 Fed. 234.

Robert B. Honeyman and A. Parker Smith, for appellant.

Livingston Gifford and Ernest Chadwick, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The invention is designed more especially for what are generally known as "embroidery silks," which easily become tangled and need to be protected, not only from dust, but also from exposure to light, which tends to fade their delicate colors. The two claims of the first patent read:

"1. A thread package, consisting of a folded casing embracing the skein, the said casing being provided with a bearing piece, folded upon itself, the light of the fold forming a bearing for the skein and a partition between the sides of the skein, the said folded bearing piece being permanently attached to one only of the opposite sides of the casing, substantially as set forth."

"2. A thread package, consisting of a folded casing for embracing the skein, one of the folded parts of the casing located between the walls of the casing being further folded, the bearing edge of the fold extending transversely to the longitudinal direction of the skein and forming a partition between the sides of the skein, substantially as set forth."

Examination of the record induces entire concurrence in Judge Platt's conclusion that Schroeder is entitled to a generous treatment of his patent, which was the first invention that undertook to preserve and care for individual skeins of embroidery silk: that tangling and soiling of the skeins were practically done away with, the worker could remove the entire skein, thread by thread, by drawing it over the bearing piece by an end pull, without breaking up the package; color and size be duplicated at the store without carrying a sample; and that it was "a boon to maker, seller, and user."

The argument in this court was concerned mainly with infringement. Defendant has one less folded strip in his casing, and the convolutions of the projection of paper which is folded into his bearing piece are not exactly the same as those of Schroeder. A long argument has been made as to the effect of these differences. But examination of the actual thing which defendant makes, and which is not modeled upon or conformed to any structure prior to Schroeder's, shows that it is covered specifically by the language of the claims. This was demonstrated very effectively upon the argument by separating the bearing piece of each thread holder from the rest of the holder by the use of the scissors. The pieces thus cut off were each "folded upon itself." The bight of each formed a bearing for the skein and a partition between the sides of the skein. The "partition" of the structure made in accordance with the drawings of the patent was longer than defendant's partition; but the latter acted to keep the two sides or limbs of the skein separated from each other at the loop or uncut end of the skein, which is the location where according to the specifications it is particularly important to have a partition. The specification states that the core (partition) should preferably correspond in length to the interior length of the skein, but that "preferential" length is not incorporated in the claims, and there is nothing in the prior art to make it necessary to read it in, in order to save them. The bearing pieces of both devices, also, when the thread packages are unfolded to show their precise structure, are seen to be permanently attached to only one of the sides of the casing; not to the same casing side in both instances, but the claims are not limited to the precise arrangement shown in the drawings, and there is nothing in the prior art which makes it necessary so to limit them. Defendant contends that, when the package is completed by pasting down the edge of the right-hand casing side on top of the left-hand casing side, his bearing piece is "permanently attached" to both of the opposite casing sides; but examination of the package when opened up shows that the right-hand casing does not even come in contact with the bearing piece. The complainant's expert on cross-examination stated that so long as the gum or mucilage held the bearing piece would be attached to both of the opposite sides of the casing; but we are satisfied that he is entirely in error. Inspection of the package is sufficient.

There is nothing in the file wrapper and contents of the Schroeder patent which requires any modification of the language used in the claims, and taken at their face value, with nothing in the prior art to qualify them, they read upon defendant's structure, which accomplishes the same result in the same way.

A novel point is presented by defendant. The Schroeder application, which was filed June 22, 1894 contained eight claims, none of them in the language of the two finally allowed. The examiner cited a patent issued to Armstrong (complainant in this suit) July 17, 1894, on an application dated May 18, 1894 (No. 523,139). Schroeder at once filed an affidavit showing reduction to practice prior to the filing date of the reference, and his priority thereto stands undisputed. The same Armstrong had another application pending in the Patent Office,

which as to some claims was subsequently issued to him on September 10, 1895 (No. 546,127). With some of the claims in this application Schroeder was thrown into interference, and prevailed on his record date. After decision in his favor, Armstrong bought up the Schroeder application, and substituted for the claims of Schroeder two of the claims in his own application, which the Patent Office had approved, subject to Schroeder's proof of priority. While Armstrong was struggling with the Patent Office to differentiate his application from his own prior patent, he, through counsel, expressed his opinion as to the meaning of the language used in these two claims which subsequently went into the Schroeder patent. It is now contended that these expressions of opinion as to claims in the Armstrong application are to be taken as limitation on the same claims contained in the Schroeder patent. This would carry the doctrine of estoppel or abandonment by reason of conceding the soundness of departmental criticism far beyond any recorded decision, and we cannot assent to any such extension. Armstrong was seeking to differentiate his later patent from the conceded prior art (his own patent 523,139), which stood in his way; but Schroeder concededly antedates that patent, and there was no necessity to differentiate himself by concession from a patent subordinate to the one which was issued to him. As to the first Schroeder patent the decree should be affirmed.

The second Schroeder patent is manifestly not a pioneer, but a mere modification, possibly an improvement on his earlier patent. We need not discuss this in detail, because defendant's package differs from it in an important particular. Defendant's package, like that of the first Schroeder patent, renders the threads as they are pulled out over an extended straight edge, which gives free play for them without bunching or congestion. The second Schroeder patent renders them, not over a straight edge, but through two V-shaped corners. With a subordinate patent like this the difference is substantial, and infringement cannot be predicated. As to the second Schroeder patent, therefore, the decree should be reversed.

The decree, therefore, is modified as expressed in this opinion, and since appellant has prevailed in part and been defeated in part, there should be no costs of appeal to either side.